## August A. Gajewski v. I. E. Lemon.

1. Sales—*Where an Executed Sale Does Not Exist.*—Where a trade contemplates the turning out of property and the delivery of a deed so as to vest the title in the vendee, and such acts are to be concurrent, unless such acts actually occur there is no executed sale.

Assumpsit.—Consolidated common counts. Appeal from the Circuit Court of Washington County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Reversed. Opinion filed September 8, 1900.

BERT REID, S. S. JONES and JAMES A. WATTS, attorneys for appellant.

F. M. VERNOR and CHAS. T. MOORE, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellant held a mortgage on some land belonging to a Mrs. Sheridan, the principal and interest of which amounted to $608. He also held and controlled other unsecured claims against her to the amount of $108.74, thus making her entire indebtedness owned and controlled by him, the sum of $716.74.

Mrs. Sheridan resided on the mortgaged land as her homestead, and was desirous of selling it. In some way not clearly shown, appellee became interested in the sale of the land, and succeeded in getting appellant, by a verbal agreement, to agree to purchase it for the consideration of $975, to be paid in the cancellation of the $716.74 indebtedness before stated; also two mares, valued at $125; one heifer, valued at $20; goods out of appellant's store to the amount of $50; $50 in money, and $13.26, whether in cash or in goods, or in some other way, does not appear.

Mrs. Sheridan made a deed of the land to appellant, but it was not stamped, and it was taken by appellee to appellant, who took it, as he testifies, for the purpose of having the deed and the title of the land examined, and not as a delivery of the deed, and his testimony is not controverted.

Appellee does not claim that as a part of the act of the delivery of the deed he demanded that the mares, heifer and other property, except the mortgage and other indebtedness of Mrs. Sheridan, should be turned over to him, but his claim is that he had purchased the land of Mrs. Sheridan, and had deeded town property to her for it, and that the reason for making the deed from Mrs. Sheridan

to appellant instead of to appellee, was to save the cost of a deed by appellee to appellant.

Appellee also claims that at the time he gave the deed to appellant he notified appellant that the mares, property, money, etc., under an arrangement with Mrs. Sheridan, belonged to him.

This appellant denies. The first deed was destroyed, and Mrs. Sheridan executed another deed to appellant for the land, and he turned over the property to her.

On the trial the court refused to permit Mrs. Sheridan to testify that appellee had defrauded her in the trade by which he claims he was entitled to the mares and other personal property, and appellant excepted, and assigns the ruling as error. In the view we take of the case, it becomes unnecessary to pass upon that question.

This action is based upon the assumption that appellant converted to his own use the mares and other personal property when he turned it over to Mrs. Sheridan, and that therefore he has the right to waive the tort and sue appellant in assumpsit, because in the purchase of the Sheridan land, appellant used the property of appellee as money, and that hence this action is well brought in assumpsit upon the common counts alone, which is all that plaintiff's declaration contains; and on them a trial was had before a jury, and the jury returned a verdict against appellant for $258.26, on which the court, after overruling a motion by defendant for a new trial, rendered judgment, and defendant excepted to the ruling of the court on the motion. The defendant has appealed to this court and has assigned as error, various rulings of the court, the most of which in the view we take of the case, it becomes unnecessary to notice.

We have carefully examined the evidence and fail to find any to the effect that the title to the property which appellant agreed to turn over on the purchase of the Sheridan land, ever passed either to Mrs. Sheridan or to appellee at the time the first deed was given to appellant for examination. The list of property furnished by appellant wherein the mares, heifer, etc., appeared, was a mere proposition for

a trade. This proposition never ripened into an actual present sale of the property, until Mrs. Sheridan executed the second deed. In the meantime the title to the property was in appellant; even his agreement to sell the property would not amount to a sale of it, so as to pass to appellee or Mrs. Sheridan the right of property.

The trade contemplated that the turning out of the property and the delivery of the deed so as to vest the title in appellant, were to be concurrent acts; unless, then, those events actually happened, there was no executed sale. Low v. Freeman, 12 Ill. 468; Jennings v. Gage, 13 Ill. 611; Benjamin on Sales, Sec. 315; Smith on Personal Property, Sec. 103.

The evidence failing to show that the title to the property in controversy passed by the first attempted trade from appellant to Mrs. Sheridan, under whom appellant really claims, or passed to appellee at any time, it follows, there was no tort to waive. If appellee has a contractual relation with -appellant by reason of the matters disclosed by this record, he must declare specially on his contract. His contract, if any he had with appellant, is a unit, and can not be split so as to make more than one cause of action out of it.

Because the court erred in not setting aside the verdict of the jury, for the reason it was against the law and the evidence, the judgment is reversed.

**Finding of Facts.**—We find that the title to the property for the conversion of which this suit was brought, never passed to appellee.